UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jabbar J. Straws, # 231018, a/k/a Jabbar Jomo Straws, <br><br>  Plaintiff, <br><br> vs. <br><br> A. J. Padula, Warden of Lee Correction Institution of the South Carolina Dept. of Corrections; Suasan Richie, Head of Classification of the South Carolina Dept. of Corrections, <br><br>  Defendants. | C/A No. 4:10-1957-JMC-TER <br><br><br><br> REPORT AND RECOMMENDATION |

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Jabbar Straws ("Plaintiff/Straws"), filed this action in the Court of Common Pleas for Richland County. Defendants filed a Notice of Removal to this court on July 28, 2010, based upon federal question jurisdiction.[1] Defendants filed a motion for summary judgment on March 16, 2011. Because Plaintiff is proceeding *pro se*, the court issued an order on or about March 31, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion for summary judgment and an explanation of a motion for summary judgment. Plaintiff has failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, or the court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                                        Respectfully submitted,

                                        s/Thomas E. Rogers, III  
                                        Thomas E. Rogers, III  
Florence, South Carolina          United States Magistrate Judge  
May 13, 2011

**The parties' attention is directed to the important information on the attached notice.**

3